YALE LOCK MANUF'G CO. *v.* BERKSHIRE NAT. BANK and others.[1]

*(Circuit Court, D. Massachusetts. December 9, 1885.)*

1. PATENTS FOR INVENTIONS—ANTICIPATION.
    Defendant offered two witnesses, a rejected application, and models said to be constructed in accordance with the rejected application, to prove an anticipation; but the witnesses could not swear positively the alleged prior device embodied the patented features, nor that the rejected application described such device. The court found that the models offered did not correspond with the description in the rejected application, and it was not evident that the models introduced nor the alleged prior device were operative. *Held,* that an anticipation was not made out with the necessary clearness and certainty.

2. SAME—LAPSE OF TIME—ABANDONED EXPERIMENT.
    In considering an alleged anticipation, the lapse of time, (17 years in this case,) and the fact that during that time nothing has been done by the alleged prior inventor, must be considered.

3. SAME—LITTLE TIME-LOCK PATENT.
    The alleged prior device of Robert S. Harris, Dubuque, Iowa, *held,* to have been an abandoned experiment.

In Equity.

*Causten Browne* and *Edmund Wetmore,* for complainant.

*E. N. Dickerson* and *W. C. Cochran,* for defendants.

COLT, J. In this case Judge LOWELL, following the opinion of Judge SHIPMAN, held the first and seventh claims of the Little reissue patent, for improvements in locks for safes and vaults, to be valid. *Yale Lock Manuf'g Co.* v. *Berkshire Nat. Bank,* 17 Fed. Rep. 531; *Yale Lock Manuf'g Co.* v. *Norwich Nat. Bank,* 6 Fed. Rep. 377; S. C. 19 Blatchf. 123. The case is now before the court upon a rehearing on the ground of newly-discovered evidence relating to an alleged prior invention by Robert S. Harris, of Dubuque, Iowa, which it is claimed anticipates the Little device. The Little invention was for a time-lock, which would both lock and unlock at predetermined times. The defendants contend that in the year 1867, and prior to the invention of Little, Harris constructed a lock which would both lock and unlock at predetermined hours; that the first model he built was put upon a small wooden box in his house, and worked practically; that this model was soon after broken up, and a second model made, which remained for a short time in the First National Bank, in Dubuque, and was then sent to the patent-office with the application for a patent, which was made through Munn & Co.; that the application was rejected, and thereupon Harris, becoming discouraged, dropped the matter. To prove this, the defendants introduce two witnesses, J. K. Graves, a friend of Mr. Harris, and associated with him in the management of the bank, and also interested with him in the procurement of the patent, and Mrs. Harris, the wife of the inventor. It appears that Mr. Harris was too ill to give his testimony. The re-

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

jected application is also put in evidence by the defendants, and two models, constructed by them, which it is claimed are made substantially after the description and drawings of the application, and which are said to be operative machines.

While both Mr. Graves and Mrs. Harris say generally, in one part of their testimony, that the Harris lock would both lock and unlock at predetermined hours, when closely pressed neither is able to swear positively that such was the fact. Further, neither witness can testify with certainty that the lock described in the rejected Harris application is like the models they saw, though they believe them to be. Again, in our opinion, the two models, introduced by the defendants as made according to the description and drawings contained in the Harris rejected application, do not correspond in important particulars with such description and drawings. As, for instance, there is no provision for attaching the rear spring to the pin in the bolt, but the specification describes another and different mode of attachment. We are in doubt, upon the evidence, whether the original models made by Harris would both lock and unlock a door at predetermined times. We have not been shown that a lock constructed after the rejected application of Harris would operate, nor are we entirely satisfied that the modified models of the Harris device, introduced by defendants, would practically accomplish the result attained by Little. In the discussion of this alleged anticipation we should not lose sight of the fact that 17 years have elapsed since Harris made his two models, and his application for a patent was rejected, and that since then neither he nor Graves have ever moved in the matter.

For these reasons, we think the defendants have failed to establish an anticipation of the Little patent with that clearness and certainty which are necessary; and that, upon the proof before us, we must view the Harris lock as an abandoned experiment, and, consequently, as in no way affecting the validity of the first and seventh claims of the Little reissue. The former decree is affirmed.